# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SOUNDRA POLLOCKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES ) | CIVIL ACTION FILE NO. |
| LLC and DIGNIFI TECH INC., ) | 1:25-cv-03218-TWT-LTW |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANT DIGNIFI TECH INC.'S MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant DigniFi Tech Inc.("DigniFi") moves to dismiss Plaintiff's Amended Complaint (ECF 14) against DigniFi because the Amended Complaint fails to state a claim for which relief can be granted.

## PROCEDURAL BACKGROUND

On June 9, 2025, Plaintiff, through her counsel, filed her initial Complaint. *See* ECF 1. On August 18, 2025, DigniFi filed its first motion to dismiss, containing the same arguments as outlined below. *See* ECF 11. On September 2, 2025, Plaintiff, through her counsel, filed her Amended Complaint. *See* ECF 14. The only noteworthy change in the Amended Complaint is that Plaintiff corrected DigniFi's

1

name. Plaintiff did not otherwise address any of the deficiencies outlined in DigniFi's first motion to dismiss.

## FACTUAL ALLEGATIONS[1]

Plaintiff Soundra Pollocks ("Plaintiff") alleges that DigniFi violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by "negligently" and/or "willfully" failing to (1) "conduct a proper investigation of Plaintiff's dispute"; (2) "review all relevant information available to [DigniFi] and provided by Equifax in conducting its reinvestigation"; and (3) "direct Equifax to remove the inaccurate scheduled monthly payment amount." *See* ECF 14 ¶¶ 21-22 (Count I) and 28-29 (Count II).

Plaintiff alleges that the DigniFi tradeline on her Equifax credit file is "inaccurately" reporting a scheduled monthly payment amount. *See id*. ¶ 7. Plaintiff further alleges that the account reflected by the DigniFi tradeline is "closed" and Plaintiff no longer has any scheduled monthly payment obligations. *See id*. ¶ 8. Plaintiff argues that the reporting of a scheduled monthly payment amount is "inaccurate" and "false and misleading" because it "creates a false impression to potential credit grantors that [she] continues to have a scheduled monthly payment obligation." *See id*. ¶¶ 9, 18.

---

[1] Plaintiff's allegations are treated as true for purposes of this motion only.

As a matter of law, Plaintiff's Amended Complaint continues to fail to allege an inaccuracy, and thus fails to state a claim for violation of the FCRA. Therefore, her Amended Complaint must be dismissed with prejudice as to DigniFi.

## **LEGAL STANDARD**

Courts should dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To "state a claim," a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). To state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. 662 at 667. Conclusory allegations are "not entitled to the assumption of truth." *See id.* at 679-680.

## ARGUMENT AND CITATION OF AUTHORITY

The entire basis for Plaintiff's claims is her incorrect argument that a "closed account" must report a "scheduled monthly payment amount of $0.00" or else the tradeline is "false and misleading." *See id.* ¶¶ 8-10, 13, 18.

"[A] plaintiff asserting a claim against a furnisher under Section 1681s-2(b) must allege facts showing that the information the furnisher reported about the plaintiff's account was 'inaccurate or incomplete.'" *Saint-Cyr v. Equifax Info. Servs., LLC*, No. 1:24-cv-03127-ELR-CMS, 2024 WL 5472779, at *4 (N.D. Ga. Nov. 26, 2024), *report and recommendation adopted,* 2024 WL 5472864 (N.D. Ga. Dec. 16, 2024) (*citing Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018)).

Judges in this District, at the pleadings stage, have repeatedly held that reporting a scheduled monthly payment amount on a closed account is not inaccurate or misleading. *See, e.g., Saint-Cyr*, 2024 WL 5472779, at *5 ("[T]he mere presence of historical monthly payment terms neither causes confusion nor creates an inaccuracy.") (*quoting Meeks v. Equifax Info. Servs., LLC*, No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019)); *Parker v. 1st Franklin Fin. Corp.*, No. 1:19-cv-01897-TCB-JKL, 2020 WL 7421752, at *4

(N.D. Ga. Jan. 10, 2020) ("[H]istorical payment terms on an account that has been charged off with a zero balance is not inaccurate or misleading."), *report and recommendation adopted*, 2020 WL 7421753 (N.D. Ga. Jan. 28, 2020); *Williams v. Trans Union, LLC*, No. 1:19-cv-01896-TWT-CMS, 2019 WL 11502906, at *3 (N.D. Ga. Oct. 23, 2019), *report and recommendation adopted*, 2019 WL 11502902 (Dec. 6, 2019); *Mason v. Trans Union, LLC*, No. 1:19-cv-02512-LMM-JKL, 2019 WL 11504729, at *6 (N.D. Ga. Oct. 7, 2019) ("[The information furnisher] had no inaccuracies it needed to correct, and to the extent it continued to report the account's historical payment terms, alongside the fact that the account was paid off and had a zero balance, [that] reporting was not inaccurate or misleading."), *report and recommendation adopted*, 2019 WL 11504683 (N.D. Ga. Oct. 29, 2019); *Burrow v. Equifax Info. Servs., LLC*, No. 1:18-cv-05134-JPB-LTW, 2019 WL 5417147, at *9 (N.D. Ga. Aug. 5, 2019) ("The Court concludes that Plaintiff failed to plausibly allege that [the consumer reporting agency's] reporting of the [] account contained an inaccuracy or would mislead a creditor into believing that Plaintiff currently owes $323 per month [on the closed account]."), *report and recommendation adopted*, 2019 WL 5410067 (N.D. Ga. Aug. 26, 2019); *Her v. Equifax Info. Servs., LLC*, No. 1:18-cv-05182-CC-RGV, 2019 WL 4295280, at *6 (N.D. Ga. July 12, 2019) ("[Plaintiff] has not carried his burden of pleading that the information [the

consumer reporting agency] reported was inaccurate."), *report and recommendation adopted*, 2019 WL 4295279 (Aug. 9, 2019).

Plaintiff's case fails for the same reasons these previous cases failed – Plaintiff does not allege an inaccuracy. Plaintiff's Amended Complaint contends that it was inaccurate for DigniFi to report a scheduled monthly payment amount on a closed account. But there are no other *factual* allegations regarding the purported inaccuracy.[2] No "potential credit grantors" viewing Plaintiff's credit report would be under the "false impression" that Plaintiff "continues to have a scheduled monthly payment obligation for a debt [to DigniFi] when there is no such monthly obligation." *See* ECF 14 ¶ 18. Plaintiff's alleged subjective belief is not sufficient to support a claim of inaccuracy. *See Williams*, 2019 WL 11502906, at *3 ("Plaintiff's 'subjective belief that her credit report was inaccurate is insufficient' to support a

---

[2] Plaintiff alleges that "per the credit reporting industry standards and the Credit Reporting Resource Guide, … furnishers [such as DigniFi] are required to report a scheduled monthly payment amount of $0.00 for a closed account." *See* ECF 14 ¶ 10. Even assuming this allegation is accurate for purposes of this motion, judges in this District have repeatedly held that "[c]ourts do not rely on industry guidelines to determine whether reporting is accurate." *Burrow*, 2019 WL 5417147, at *9 (*citing Felts*, 893 F.3d at 1315-16); *see also Parker*, 2020 WL 7421752, at *4 n.3 ("A violation of the CRRG is not necessarily a violation of the FCRA."); *Mason*, 2019 WL 11504729, at *5 (holding that "a deviation alone [from the CRRG guidelines] fails to state a claim for relief under the FCRA"); *Meeks*, 2019 WL 1856411, at *4 n.3 (citing additional decisions for the proposition that that failure to comply with an industry standard is not a failure to comply with the law).

claim under the FCRA.") (*quoting Meeks*, 2019 WL 1856411, at *6-7); *Her*, 2019 WL 4295280, at *6 (same); *Saint-Cyr*, 2024 WL 5472779, at *5 ("Although [plaintiff] may subjectively believe that his credit report is inaccurate, that is not enough to support a claim of inaccuracy under the FCRA.").[3] Without factual allegations showing that DigniFi reported something inaccurate, Plaintiff fails to state an FCRA claim.

## CONCLUSION

Both of Plaintiff's purported FCRA claims against DigniFi are based on a false premise — her assertion that it is "inaccurate" for DigniFi to report her historical scheduled monthly payment amount when there is no current obligation.

---

[3] Additionally, such reporting is necessary to ensure creditors have the full picture of Plaintiff's credit history. Including the contractual monthly payment terms allows creditors to understand what debts a consumer was able and willing to pay and, for derogatory accounts, what terms they failed to satisfy. Including historical contractual terms is necessary for creditors to fully understand the consumer's performance relative to the account at issue, and as such reporting an account that includes that information does not create an inaccuracy. *See Mason*, 2019 WL 11504729, at *3-4 ("Congress enacted the FCRA with two goals in mind: fairness to the consumer and the needs of commerce for accurate credit reporting. The terms and payment history of a charged off debt may be of interest to potential creditors. Also, the FCRA permits CRAs to report such derogatory information for up to seven years. The Court finds it is not misleading to report the historical terms of a debt that has been charged off and is no longer being collected by the creditor; on the contrary, it accomplishes one of the intended purposes of the FCRA.") (*quoting Burrow*, 2019 WL 5417147, at *9); *see also Saint-Cyr*, 2024 WL 5472779, at *4 (same).

Because she is wrong as a matter of law, her FCRA claims against DigniFi fail. For these reasons, DigniFi respectfully requests that this Motion be granted.

Further, because Plaintiff already had an opportunity, and refused, to correct the deficiencies in her original complaint in response to DigniFi's first motion to dismiss, DigniFi requests that Plaintiff's claims against DigniFi be dismissed with prejudice. *See Lawrence v. Bank of Am., N.A.*, No. 1:25-cv-0082-MHC-CMS, 2025 WL 2429099, at *2 (N.D. Ga. Apr. 25, 2025) (dismissing a plaintiff's amended complaint with prejudice where she already had an opportunity to amend her original complaint following the filing of the defendant's original motion to dismiss); *see also Henley v. Turner Broad. Sys.*, 267 F. Supp. 3d 1341, 1364 (N.D. Ga. 2017) (*quoting Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929-30 (11th Cir. 2016) ("We do not … require … leniency [in allowing opportunities to amend] where a plaintiff has been represented by counsel. We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint."); *Almanza v United Airlines, Inc.*, 851 F.3d 1060, 1075 (11th Cir. 2017) ("Nothing requires that a plaintiff's presumptive one chance to amend be given after an order of dismissal has been entered, as opposed to before any such order.").

Submitted this 9th day of September, 2025.

**MCGUIREWOODS LLP**

*/s/ M. Laughlin Allen*
M. Laughlin Allen (GA Bar #901999)
Rachel Rosenberg (GA Bar # 530266)
1075 Peachtree Street, Suite 3500
Atlanta, Georgia 30309-3900
(404) 443-5738 (Telephone)
(404) 443-5773 (Facsimile)
mlallen@mcguirewoods.com
rrosenberg@mcguirewoods.com

***Counsel for Defendant DigniFi Tech Inc. (formerly known and improperly named as Confident Financial Solutions, Inc.)***

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SOUNDRA POLLOCKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EQUIFAX INFORMATION SERVICES )<br>LLC and CONFIDENT FINANCIAL )<br>SOLUTIONS, INC., )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.<br>1:25-cv-03218-TWT-LTW |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1(C)

I HEREBY CERTIFY that on this 9th day of September, 2025, I caused a true and correct copy of the foregoing Defendant DigniFi Tech Inc.'s Motion To Dismiss and Memorandum in Support to be filed electronically via the CM/ECF system. Counsel(s) of record are registered CM/ECF users and will be served by the CM/ECF System.

I further certify that the foregoing has been prepared in Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

Dated:       September 9, 2025

10

*/s/ M. Laughlin Allen*
M. Laughlin Allen (GA Bar #901999)
Rachel Rosenberg (GA Bar # 530266)
1075 Peachtree Street, Suite 3500
Atlanta, Georgia 30309-3900
(404) 443-5738 (Telephone)
(404) 443-5773 (Facsimile)
mlallen@mcguirewoods.com
rrosenberg@mcguirewoods.com

**Counsel for Defendant DigniFi Tech Inc. (formerly known and improperly named as Confident Financial Solutions, Inc.)**

11